Clerk, please call the next case. 12-18-74, Paycheck, K. Gupta v. Miller, Department of Financial and Professional Regulation, et al. Gentlemen who are going to argue the case, please step forward and introduce yourselves. Good morning, Justices. My name is Michael Lowry, L-O-W-E-R-Y, on behalf of the appellant, Mr. K. Gupta. And I'm John Schmitt. I'm an Assistant Attorney General, and I represent the defendants' appellate. Okay. Thank you, gentlemen. We have another case following yours, so I'm going to have to enforce the time limits rather strictly. You will both have 15 minutes. Appellant, please reserve from the 15 minutes whatever portion you'd like to use for rebuttal. Yes, sir. Mr. Lowry, you may proceed. Thank you for having me today. After 30 years of being a lawyer, this is the first time I've been up here. So I thank you for taking the time. And if I go off course, be sure and put me back on course. Mr. Lowry, you are most welcome. We appreciate your being here. Thank you, sir. I'll start out with a statement of facts. The appellant, Ashcott Gupta, he's a registered pharmacist. He's been licensed in the State of Illinois since 1978. On May 8, 2008, the Department of Professional Regulation filed a complaint against the appellant, Mr. Gupta. That complaint was based on Mr. Gupta's felony conviction in the United States Federal District Court for the Northern District of Illinois. Based on that conviction and solely that conviction, the department filed a complaint against the defendant. On October 19, 2012, a formal hearing took place. It was heard solely before an administrative law judge. There was no pharmacy board member present at this hearing. The administrative law judge subsequently issued a report to the Board of Pharmacy. The board deliberated and issued findings of facts, conclusions of law, and recommendations of directive, adopting in total the administrative law judge report. The appellant argued at the administrative hearing that although he admits he was convicted of the crime alleged by the appellee, he should not be the subject of sanction of suspension or revocation for the following reasons. The appellant's co-defendant in the proceedings, Saeed Naveed, another pharmacist, had been sentenced to a period of 18 months incarceration by the Federal District Court judge. Upon his release from prison, the department agreed to place Mr. Naveed's pharmacist's license on probation for a period of two years and fined Mr. Naveed $7,000. Well, he pled, though, right, Mr. Lowry? The co-defendant pled. He threw himself on the mercy of the board. Did he not? He filed consent. I did this. Yes, sir, I did. And your client, for whatever reason, chose not to do that. Is that correct? Truth be told, the reason he did that, because he wasn't given the same offer. Well, there you go. We would have certainly taken that. That makes sense. And that was the sole reason that we didn't. We asked for them to consider it. They absolutely did not consider it. But he had one prior as well, right? He had one prior disciplinary proceeding. Yes, he did. He worked against them. In 1988, he had a disciplinary action. He was given a 30-day suspension. That was approximately, at this point, 24 years ago. So I think it goes to the weight. He had been a pharmacist since 1978, so at this point in time, he's been a pharmacist, I believe, 34 years. My math is correct. Counsel, can I ask you a question? I'm interested in this mandate. Well, I don't know. I don't want to call it a mandate. It says that at least one board member should be present at the hearing. That's what it says in the statute, right? Yes. Do you know the history of that at all? Legislative history or why that's out there? My answer to that is this. The state has stated that it's directory. It doesn't matter. They can either have it or not have it. It's our contention that there's a Supreme Court case. I'll get to it in a second. It seems to suggest that there's got to be a right that's being protected by having the presence of a board member. Well, in fact, it is. There's a property right in his pharmacist license, and that's the purpose of having his pharmacy board member there. The pharmacy board member acts as a de facto jury. He reports back to the pharmacy board as to what happened at the hearing, the credibility of the witnesses, the questions asked, the evidence deduced. He also offers his professional expertise as a pharmacist. In fact, pharmacy board members are allowed to ask questions at these hearings. At this point in time, it was mandatory they be there. It's not just something that, hey, we don't have to do it because they weren't there. It's actually mandatory. And the reason it's mandatory is because the court found in Andrews v. Foxworthy, quoting from Andrews, it says, when the requisitions prescribed are intended for the protection of the citizen and to prevent a sacrifice of his property and by disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid. What we're saying is the failure to have a pharmacy board member there takes away the jurisdiction of the director of the department to issue an order, and that order is void and invalid. Well, as I respond to citing other cases, notably Newkirk and, frankly, in the criminal context, our Supreme Court has ruled many times in the last few years in a case called Devalar or a following case called Robinson that I was involved in, that where there is no penalty or no result mandated by a statute, so in this case where the statute that requires the presence of a pharmacy board member does not say and any proceeding that is held without such a member is void, those are just directory statutes. So in this case, so applying Newkirk, which is a civil case, but also recently Devalar 2009 case in Robinson, cases, if there is no punishment in a statute for its violation, then it's just held to be directory and would not make it void. That's generally true, and I would agree with you. But if you go back to the Andrews v. Spock worthy case, they say if there's a property right that's at issue, then it's mandatory. Well, there's other cases. These guys did many years in prison. But in many of the criminal cases that have been cited, they're essentially procedural acts, basically ministerial acts of a clerk or, you know, to be followed. In the cases of the department, I believe it's UDI number 10 LLC v. Peek and Manor. These were just time limits where they were to investigate a nursing home. The department was to investigate. They didn't meet those time limits. The court found them to be directory, not mandatory. They allowed the case to go forward. But what in this particular case, you have the reason for a pharmacy board member is very important. Like I said earlier, they essentially act as a de facto jury and also act as a check on the power of the department. But even then, whatever they do, assuming this has been done correctly and it was not, the head of the department still rules on it. Is that correct? Exactly. Yes, sir. Do you have the citation for Andrews? Because I didn't see it in the brief. Yes, I do. It was not in there, and I will give it to you. 71, Illinois 2nd, 13. Thank you. I did not file a reply brief, and there was a reason for that. Mr. Lowery, I want to make, during your initial presentation, I would like for you to particularize for me why the board's decision, in your opinion, was arbitrary and unreasonable. The reason for that is, and I believe the issue I brought there is that his co-defendant in the criminal proceedings was presented, that case was before Judge Wayne Anderson. Judge Anderson's sentence, his co-defendant, who was the thief and stole the goods from Heinz Hospital and sold them to my client, was given 18 months of incarceration, followed by three months supervised release. My client, before Judge Anderson, in the same case, was given three years probation and a fine. When we go over to the department. One of the co-defendants had a year longer than your man. Yes, sir. Right. Yes, he did. Okay. He was given incarceration. My client was never given incarceration, just given straight probation. But your client had a prior. I'm talking about he had a prior at the department, not in the criminal proceeding. He had no criminal background. The other fellow who got the 18 months in the federal penitentiary, he was actually a government employee, right? So he violated his trust as a person working at a veteran's hospital, stealing prescriptions from our veterans to sell to your guy, who then sold them himself, right? Yes, sir. Okay. An important fact. That is exactly the facts. But at the same time, they appeared before the same judge. He was found less, my client, arguably, was found less culpable. It's a factor in aggravation. That's why I just bring it up. Exactly. You're a government employee and you're essentially treason, and I can't imagine things worse than stealing from our veterans. And, again, it doesn't go so much to your client as it does to the fellow who went to the joint. Well, when they went across the street under disciplinary hearings before the pharmacy board, he was given, Mr. Navid, who was the one who was the co-defendant, he was given straight probation. The appellant, when he goes across the street, he was not given that option, went to hearing, and was given an indefinite suspension of two years. I don't know how the department finds that to be fair, equitable, or how they even justify it. What they do is justify it based on a 24-year-old disciplinary matter that's long ago and far away. But they've also possibly considered, and maybe this is an improper question, the fact that the co-defendant was not a pharmacist while he was doing his time in whatever federal place he was doing his time in. So there's no need to suspend the co-defendant's privileges since he's not writing, filling scripts while in Terre Haute or Sandstone or Leavenworth, whatever you'd be in. That may have been their thought, but I think that's merely speculation. I don't know if the department even was aware of the fact that he was incarcerated. They could have started proceedings while he was incarcerated. I don't know when they did. All I know is the end result, and the end result just seems to be, I'm not able to, I think the department is having trouble justifying the end result. I want to preserve your five minutes for rebuttal, so would you please conclude? Yes. It's our intent, and by the way, we concede, I just want to make one thing clear, we concede that quorum issue. I've read the cases, and that, in fact, I agree with the State, that, in fact, the quorum issue is off the table. Thank you. Beyond that, thank you very much. Mr. Schmidt. Thank you very much, Your Honors, and may it please the Court, I'm John Schmidt on behalf of the Defendant's Appellees. I'd like to start out by saying that Section 3-111 of the Administrative Review Law sets out three factors that must be met in order to get a stay, and in the circuit court and in the opening brief in this court, Mr. Gupta never addressed the first two factors, and I think he's forfeited any argument based on those. All three of those factors have to be shown to warrant a stay of an administrative decision, and I think that by itself would justify affirming the circuit court. But I also think even if the court does take a look at those two factors in addition to the third factor, the circuit court should be affirmed. I think one important factor is whether the stay would endanger the public, and here we have somebody who has twice been disciplined for very dishonest and unethical conduct. It's true the first discipline was a long time ago, but it was for basically selling generic drugs but labeling them as brand-name drugs, which is, I think, a type of fraud. It's very deceptive conduct. And here we have Mr. Gupta involved in a scheme where, as one of the justices pointed out, drugs were being stolen from a veterans hospital and then sold, of course, at a much lower rate to Mr. Gupta's pharmacy. And another thing I think we talked about, or Mr. Lowery talked about, the punishments in this case, and I think we've made it clear in our brief why there was some distinction. There was a prior history of discipline for Mr. Gupta. I think Your Honor's point that Mr. Naveed would have, in effect, not been able to practice pharmacy while he was in the penitentiary was another point. But another point would be that Mr. Naveed acknowledged his wrongdoing. I think the decision as to Mr. Gupta, the hearing officer's recommendation, sets out that he was trying to sort of back off and disclaim knowledge of this, even though he did plead guilty in the U.S. District Court and admitted knowledge of the scheme when he pleaded guilty. So I think there was even some evidence of deception on Mr. Gupta's part when he was testifying at the administrative proceeding. He was trying the hearing officer's recommendations at pages 37 to 41 of the record, and it reflects that he was denying any knowledge of this. Page 6 you mentioned that although Gupta admitted the allegations in the department's complaint, he then contended he wanted different disciplines. So wouldn't that indicate when he went there, as Mr. Lowery said, he went in and said, I did it, please don't hurt me. What he did was what the department charged him with was pleading guilty, was being convicted of a felony. What he did was admit, yes, I pleaded guilty to a felony, but then he sort of tried to back off the plea and say, oh, well, I didn't really know what was going on, but I was technically. And that's a little disingenuous. He knew what was going on. Mr. Navid, in fact, was his partner in the pharmacy. They were co-owners of the pharmacy, and he said in his plea agreement that he knew fully what was going on. Counsel, can I ask you about the Pharmacy Practice Act, which states that a board member should be present or shall be present at any such hearing, and counsel argues that his client had a property right, and that's why that should be enforced strictly. What do you think about that? I don't think. Well, first of all, we acknowledge that we're not saying that that statute was permissive. We acknowledge the board should have been or the department should have been doing that. I want to make that clear. But I don't think that the penalty, I don't think that should invalidate the department's action, and I don't think the fact that there's a property right at interest would negate our argument. Those cases we cite in our brief involve very serious liberty interests. They were criminal cases. One of them involved a man, Delvar, involved a man who was not being advised, not being admonished that he could face deportation. So he was being faced with the possibility of having to exit the country because of what happened. So I think, and in the cases we're citing too, the Supreme Court authority we're citing, is more recent than Andrews. I have not seen Andrews because it was not cited in my opponent's brief, but I think this court should follow the more recent Supreme Court authority. And the statute in this case does not say that the department's action should be invalidated if there's no board member present. It also doesn't contain, and this has been a key factor in these types of cases, negative language that would indicate that the department cannot proceed if this statute is not complied with. Well, why do they do that, though? I mean, aren't these members of boards kind of sitting around as long as they're getting paid for it, or maybe they're not getting paid for it? How hard is it to have a member of the pharmacy board to show up for these things? I'm not sure of this. I believe they would be paid additionally if they did this. But as I said, Your Honor, we admit it's not a permissive statute. There should have been a board member there. The record, I don't think, clearly reflects whether there was or not, but there wasn't. We agree with Mr. Lowery on that. We just don't think the consequence should be invalidating the board's action. Mr. Lowery talked about, argued some purposes for having a board member there, but a lot of those purposes are served by the hearing officer, and the hearing officer listens to the evidence and writes a report with recommendations to the board and recommends discipline. So the hearing officer does fill the role that Mr. Lowery was talking about, and the statute really doesn't really specify any role for the board member to play at the hearing. Counsel, is this unique to the Pharmacy Act, or does it apply to other acts, if you know? I tried to check some other acts to see, and I didn't see another requirement like this. There have been some prior cases involving administrative agencies in which people who are disciplined or who are subject to administrative action have said that it's a due process violation not to have a member of the decision-making board present. They say it's a due process violation, or they've argued it's a due process violation to have a hearing officer make recommendations. That's been rejected. That argument's been rejected. This was not an issue ever presented to Judge Hall, was it? It was not, Your Honor. No, it was presented for the first time on appeal. And I think for the argument not to be forfeited, the court would have to find that it's jurisdictional, and we don't think there's a basis to find that it's jurisdictional. And another point I would make, of course, is the Board of Pharmacy itself is not the final decision-maker. The director would be the final decision-maker in this instance. Thank you, sir. I'd ask that you conclude. And I'll just conclude by asking the court to affirm the denial of the stay, and thank you, Your Honors. Thank you, Mr. Schmidt. Mr. Lauer, you have five minutes if you'd like to use it. I won't take five minutes, but just a short rebuttal. Mr. Schmidt had stated that there is no, as to the role, and I think you queried as to the role of the pharmacy board there, pharmacy board member present at the hearing. What it really comes down to, if they're not a requirement of a board member to be present, what role, other than to rubber stamp the findings of a hearing officer who's an employee of the department, that's the only role they would have. Why not short-circuit that and just get rid of the pharmacy board? I reject that. I believe that the pharmacy board plays an important role in these proceedings because, in fact, they are pharmacies, just as we're lawyers, and we're judged by lawyers in our professional licensing. I think a pharmacy board, a pharmacist should be, and I think the statute borns that out, they should also be a judge by a pharmacy board that knows the business, knows what pharmacists do. With that, thank you very much. Thank you. We'll take this matter under advisement.